IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON MITCHELL ROBINSON,<br><br>Defendant. | Case No. 25-CR-00361-SEH |

## ORDER

Before the Court is Defendant Aaron Robinson's unopposed motion to extend scheduling order deadlines. [ECF No. 29]. Defendant requests a continuance of deadlines, including the pretrial conference set for October 22, 2025, and the jury trial set for November 3, 2025, and has executed an amended speedy trial waiver. [ECF No. 31]. On September 17, 2025, a federal grand jury charged Defendant with distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), maintaining a drug-involved premises, in violation of 21 U.S.C. §§ 856(a)(1) and 856(b), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). [ECF No. 16]. The indictment further alleges a drug forfeiture, pursuant to 21 U.S.C. § 853. [*Id*.].

Defendant requests an extension of all deadlines in the scheduling order to the May, 2026 jury docket. [ECF No. 29] The defendant has obtained a new

attorney in this matter, and his counsel did not have an opportunity to review any discovery until October 1, 2025. [ECF No. 29 at 2]. Defendant anticipates additional voluminous phone records will be produced, based upon the information he has received from the government. *Id*. The defendant also has several medical complications that make conferring with counsel more time-consuming. [*Id*. at 3.] Plaintiff does not oppose Defendant's request for a continuance. [*Id*. at 4].

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id*. The statute permits a court to consider whether "the failure to grant such a continuance … would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id*. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a

2

"rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048–49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id*. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id*. at 1272–73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id*. at 1273.

The Court finds the defendant has executed a speedy trial waiver, asking the Court to exclude any period of delay for an ends of justice continuance. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the defendant's motion to continue deadlines and for a new scheduling order [ECF No. 29] is **granted**. The

pretrial conference set for October 22, 2025 and jury trial set for November 3, 2025 are **stricken**. The following amended scheduling order is hereby entered:

| Notices due: | 3/31/2026 |
| --- | --- |
| Motions and Objections to Notices due: | 4/15/2026 |
| Pretrial Conferences/Motions Hearing: | 4/21/2026 at 9:15 a.m. |
| Voir dire, jury instructions, stipulations, and trial briefs due: | 4/28/2026 |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 4/30/2026 by 4:00 p.m. |
| Three hard copy exhibit binders delivered to Court: | 4/30/2026 by 4:00 p.m. |
| Jury Trial: | 5/4/2026 at 8:45 a.m. |

**IT IS FURTHER ORDERED** that the time from November 3, 2025, inclusive, to May 4, 2026, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 2nd day of October, 2025.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE